UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:98-CR-85-3-BO

| | |
|---|---|
| JERMAINE V. BETHEL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | ORDER |

This matter is before the Court on Petitioner's Motion to Expunge Convictions from his Criminal Record. For the reasons below, Petitioner's motion is DENIED.

## BACKGROUND

On July 28, 1998, Defendant pled guilty, pursuant to a plea agreement, to Counts One and Two of an Indictment charging him with Armed Bank Robbery and Aiding and Abetting in violation of 18 U.S.C. §§ 2113(a)(d) and 2, and Use of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting in violation of Title 18, United States Code, §§ 924(c)(1) and (2). Defendant was sentenced to sixty months imprisonment, five years supervised release, and ordered to pay $22,493.36 in restitution joint and severally with his three co-defendants, and a $200.00 special assessment. According to Government filings, the restitution remains unpaid.

## DISCUSSION

The power to expunge federal criminal convictions solely on equitable grounds is not authorized by the Constitution or statute. *United States v. Mitchell*, 683 F.Supp.2d 427, 429

(E.D.Va. 2010). In *Mitchell*, the court denied a similar request of a defendant who had been convicted of bank fraud. *Id.* at 428. In its reasoning, the Court noted that federal courts are courts of limited jurisdiction with specific jurisdictional requirements and limitations. *Id.* (citations omitted.). Where a court does not have jurisdiction over a matter, it may not rule on the merits of a case. *Id.* (citations omitted). The only exception is if a court has ancillary jurisdiction. The Supreme has held federal courts have ancillary jurisdiction in only two situations: (i) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent"; and (ii) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority and effectuate its decrees." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 379-80 (1994). The Court does not have jurisdiction under 18 U.S.C. §§ 2113(a)(d) and 2 because the act of entering judgment of conviction in defendant's criminal case divests a district court of original jurisdiction over his case. *Mitchell*, 683 F.Supp.2d at 432.

In this case, ancillary jurisdiction is not proper because there is no factual interdependency between the claim over which this Court had jurisdiction, namely defendant's criminal conviction, and defendant's ancillary claim to expunge his record. *Id.* at 433. *See United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007). "The facts relating to defendant's conviction are wholly separate and distinct from the equitable circumstances that defendant contends justify the expungement of his criminal conviction for bank fraud." *Id.* Expungement of Defendant's criminal record also would not facilitate the functioning of the federal court, "that is to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 380. Therefore, this Court is without authority to expunge Petitioner's criminal record. Petitioner's motion is DENIED.

## CONCLUSION

For the reasons above, Petitioner's Motion to Expunge is DENIED.

SO ORDERED.

This __1__ day of August, 2010.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE